1  Todd M. Friedman (SBN 216752)
   Adrian R. Bacon (SBN 280332)
2  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
3  21550 Oxnard St., Suite 780
   Woodland Hills, CA 91367
4  Phone: 323-306-4234
5  Fax: 866-633-0228
   tfriedman@toddflaw.com
6  abacon@toddflaw.com
7  *Attorneys for Plaintiff*

8

9              **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | LUCINE TRIM, individually and on behalf of all others similarly situated, | Case No. |
   |---|---|
   | Plaintiff, | **CLASS ACTION** |
   | vs. | **COMPLAINT FOR VIOLATIONS OF:** |
   | SIMPLY SWEEPS, LP; SPARK REVENUE, LLC; CREDIREADY, LLC; INTERNET THINGS, LP; and DOES 1 through 10, inclusive, and each of them, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
   | Defendant. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] |
   | | **DEMAND FOR JURY TRIAL** |

///
///

Plaintiff Lucine Trim ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Simply Sweeps, LP ("Simply Sweets"), Spark Revenue, LLC ("Spark Revenue"), CrediReady, LLC ("CrediReady"), Internet Things, LP ("Internet Things") (collectively referred to as "Defendants") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only

**CLASS ACTION COMPLAINT**
-2-

>>effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

>>The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION & VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a Federal Question, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*.

7. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendants do business within the state of California and the Central

District of California.

## **PARTIES**

8. Plaintiff, Lucine Trim ("Plaintiff"), is a natural person and resident of North Hollywood, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9. Defendant, Simply Sweeps is a business that participates in the market of lead generation and data management and is a "person" as defined by *47 U.S.C. § 153 (39)*.

10. Defendant, Spark Revenue is a business that owns and operates sparkrevenue.com and is a "person" as defined by *47 U.S.C. § 153 (39)*. Spark Revenue participates in the market of lead generations and data management.

11. Defendant, CrediReady owns and operates crediready.com and approvedcar.com and is a "person" as defined by *47 U.S.C. § 153 (39)*. CrediReady participates in the market of lead generation and data management.

12. Defendant Internet Things is a company that owns and operates Simply Sweeps, LP and CrediReady, LLC and is a "person" as defined by *47 U.S.C. § 153 (39)*.

13. The true names and/or capacities, whether individual, corporate, associate, partnership, trust, or otherwise of defendant DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs are informed and believe, and thereon alleges, that defendant fictitiously named herein as a DOE was legally responsible, negligently, or in some other actionable manner, for the events and happening hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiffs as hereinafter alleged. Plaintiffs will amend this Complaint to allege the true names and capacities of these DOES and when they have been ascertained.

///
///

# FACTUAL ALLEGATIONS

14. At various and multiple times prior to the filing of the instant Complaint, including within the one year preceding the filing of this Complaint, CrediReady contacted Plaintiff to solicit purchases of Defendant's services.

15. Beginning in or around March of 2018, CrediReady began contacting Plaintiff on her cellular telephone.

16. Defendant was messaging Plaintiff on her cellular telephone number ending in -2347.

17. On March 13, 2018, CrediReady sent Plaintiff a text message that read:

> CrediReady: "hi lucine cong we have matche dyou toa no of lenders prepared to give you a car loan -it has a site- she said stop then hello@creditready.com or 855 549 1864."

18. On November 15, 2019, CrediReady sent Plaintiff another text message that read:

> CrediReady: "it gotatext."

19. On November 17, 2019, CrediReady sent Plaintiff another text message that read:

> CrediReady: "it goes to simplycellphonesforyou.com -privacy this is the company spark revenue."

20. Defendant's messages to Plaintiff were sent using short code 96059

21. A short code is a special telephone number, significantly shorter than full telephone numbers, which can be used to address SMS and MMS messages from certain service providers' mobile phones or fixe phones

22. Short codes are often associated with automated services. An automated program can handle the response and typically requires the sender to start the message with a command word or prefix. The service then responds to the command appropriately. The use of short codes is indicative of technology

that has the capacity to store or produce numbers to be called using a random or sequential number generator, and to dial such numbers. Further, the use of generic mass-marketing-styled text messages is also indicative of such technology being used as a form of transmittal of such text messages.

23. CrediReady used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)* to send its text messages to Plaintiff seeking to solicit the purchase of CrediReady's services. In particular, the equipment used by CrediReady, to send the text messages at issue, to Plaintiff, has the capacity to: 1) store or produce numbers to be called using a random or sequential number generator; and 2) to dial those numbers.

24. Defendant's texts constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

25. Defendant's texts were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

26. During all relevant times, Defendant never received Plaintiff's "prior express consent" to receive unsolicited text messages or calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(a)(1)(A)*.

27. Defendant's conduct violated the TCPA by:

   a. Using any automatic telephone dialing system to any telephone number assigned to a paging service, cellular telephone service, or any service for which the called party is charged for the call (*47 U.S.C. § 227(b)(A)(iii.)*).

28. As a result of the above violations of the TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable

to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ALLEGATIONS

29. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any unsolicited text messages from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system and such person had not previously consented to receiving such calls/texts within the four (4) years prior to the filing of this complaint.

30. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any unsolicited telephone texts from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or unsolicited text messages and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

31. Defendants, its employees, and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

32. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon

alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

33. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls/texts, and invading the privacy of said Plaintiff and Class members.

34. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four (4) years prior to the filing of this Complaint, Defendants sent any unsolicited text messages (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system;
   b. Whether Defendants' revocation policies complied with TCPA;
   c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and
   d. Whether Defendants should be enjoined from engaging in such conduct in the future.

35. As a person that received numerous unsolicited text messages from Defendants using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

36. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

37. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

38. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

39. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///

///

///

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

42. As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

43. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## Negligent Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227 et seq.

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

///
///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

46. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

47. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

# DEMAND FOR JURY TRIAL

48. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 24th Day of July, 2020.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff